RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
SHREVEPORT, LOUISIANA
DATE 3/26/15
     smd

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 15-00056-01-03 |
| | * | |
| VERSUS | * | 18 U.S.C. §§ 1349, 1344, 656, 371, & 1005 |
| | * | |
| DEIRDRE CHRISTOPHE NELSON | * | CHIEF JUDGE DEE D. DRELL |
| JOE LEE COLBERT, JR. | * | |
| VALERIE K. CULPEPPER | * | MAGISTRATE JUDGE KIRK |

INDICTMENT

THE GRAND JURY CHARGES:

COUNT ONE
Conspiracy to Commit Bank Fraud
(18 U.S.C. § 1349)

AT ALL TIMES RELEVANT HEREIN:

I.  BACKGROUND

A. The Defendant, **DEIRDRE CHRISTOPHE NELSON**, was a branch manager at the Keyser Avenue Branch of the Bank of Montgomery ("BOM" or "the bank") located in Natchitoches, Louisiana. She had been employed with the BOM since April 2001. The Keyser Avenue Branch location was responsible for ordering and receiving all of the cash for the bank's branches in Natchitoches Parish.

B. The Defendant, **JOE LEE COLBERT, JR.**, owned J. C. Trucking and was a customer of the BOM.

C.  The Bank of Montgomery was a bank whose deposits were insured by the Federal Deposit Insurance Corporation.

## II. THE CONSPIRACY

Beginning sometime in 2011, and continuing until July 8, 2014, the exact dates being uncertain, in the Western District of Louisiana and elsewhere, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **JOE LEE COLBERT, JR.**, did knowingly and willfully combine, conspire, confederate and agree together to commit an offense against the United States, that is the Defendants knowingly executed and attempted to execute a scheme and artifice: (a) to defraud the Bank of Montgomery, and (b) to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of the Bank of Montgomery, by means of materially false or fraudulent pretenses, representations, or promises, in violation of Title 18, United States Code, Sections 1344(1) and (2).

## III. THE OBJECT OF THE CONSPIRACY

The primary object of the conspiracy was for the conspirators to unlawfully obtain funds from the Bank of Montgomery.

## IV. MANNER AND MEANS OF THE CONSPIRACY

To accomplish this objective, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **JOE LEE COLBERT, JR.**, employed several manner and means including but not limited to:

A.  the Defendants caused cash to be taken from BOM cash shipments

stored in the bank vault and from BOM teller drawers;

B. the Defendants caused BOM to issue money orders for **JOE LEE COLBERT, JR.'S** use and benefit without him having to provide any funds in exchange for the issuance of BOM money orders as such money orders were based on the bank's own funds taken from the bank vault and from BOM teller drawers; and

C. the Defendants caused **JOE LEE COLBERT, JR.'S** BOM account balance to increase by creating and causing BOM deposit slips to be created to accompany the cash taken from BOM and added to his account and to misrepresent the true source of funds credited to **JOE LEE COLBERT, JR.'S** BOM account.

V. OVERT ACTS

In furtherance of the conspiracy and to affect the object thereof, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **JOE LEE COLBERT, JR.**, performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana and elsewhere:

1. On or about February 14, 2011, the Defendant, **DEIRDRE CHRISTOPHE NELSON** and others known and unknown to the grand jury, caused approximately $1,000 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

2. On or about March 31, 2011, the Defendant, **DEIRDRE CHRISTOPHE NELSON**, and others known and unknown to the grand jury, caused approximately

$1,000 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

3. On or about May 17, 2012, the Defendant, **DEIRDRE CHRISTOPHE NELSON**, and others known and unknown to the grand jury, caused the BOM to issue a money order for $850.00 for **JOE LEE COLBERT, JR.'S** personal benefit and expenses.

4. On or about September 16, 2013, the Defendant, **DEIRDRE CHRISTOPHE NELSON** and others known and unknown to the grand jury, caused approximately $4,000 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

5. On or about December 11, 2013, the Defendant, **DEIRDRE CHRISTOPHE NELSON** and others known and unknown to the grand jury, caused approximately $4,200 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

6. On or about April 15, 2014, the Defendant, **DEIRDRE CHRISTOPHE NELSON** and others known and unknown to the grand jury, caused approximately $3,000 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

7. On or about May 16, 2014, the Defendant, **DEIRDRE CHRISTOPHE NELSON** and others known and unknown to the grand jury, caused approximately $2,100 in cash to be deposited into **JOE LEE COLBERT, JR.'S** BOM account.

8. The allegations of Counts 2 and 3 are re-alleged and incorporated by reference as though fully set forth herein as a separate overt act.

All in violation of Title 18, United States Code, Section 1349. [18 U.S.C. § 1349].

## COUNT TWO
18 U.S.C. §§ 1344(1) and (2), 2
(Bank Fraud)

A.  The allegations of Count 1 are re-alleged and incorporated by reference as though fully set forth herein as the scheme and artifice to defraud.

B.  On or about March 4, 2013, in the Western District of Louisiana, the Defendants, **DEIRDRE CHRISTOPHE NELSON** and **JOE LEE COLBERT, JR.**, knowingly devised and intended to devise and executed and attempted to execute a scheme and artifice (a) to defraud the Bank of Montgomery, and (b) to obtain moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of the Bank of Montgomery, by means of materially false or fraudulent pretenses, representations, or promises, in that they caused a $14,500 BOM money order to issue for **JOE LEE COLBERT, JR.'S** benefit, when in truth and fact as they well knew, **JOE LEE COLBERT, JR.'S** BOM account did not have sufficient funds as reflected in the bank's records to authorize a money order in this amount, all in violation of Title 18, United States Code, Sections 1344(1) and (2) and 2. [18 U.S.C. §§ 1344(1) and (2) and 2].

## COUNT THREE
## 18 U.S.C. §§ 656 and 2
### (Bank Embezzlement)

A. The allegations in Count 1 are re-alleged and incorporated by reference as though fully set forth herein.

B. On or about July 8, 2014, in the Western District of Louisiana, the Defendant, **DEIRDRE CHRISTOPHE NELSON**, being an officer, director, agent and employee of the Bank of Montgomery, a financial institution whose deposits are insured by the Federal Deposit Insurance Corporation, with intent to injure and defraud the Bank of Montgomery, willfully misapplied, embezzled, abstracted and purloined an amount exceeding $1,000, in that the Defendant misapplied, embezzled, abstracted, and purloined the sum of approximately $5,527 for her own personal use and the use of another, all in violation of Title 18, United States Code, Sections 656 and 2. [18 U.S.C. §§ 656 and 2].

## COUNT FOUR
## 18 U.S.C. § 371
### (Conspiracy to Make False Statements in Bank Records)

I. THE CONSPIRACY

A. The allegations contained in Counts 1 and 2 are incorporated by reference as though fully set forth herein.

B. The Defendant, **VALERIE K. CULPEPPER**, was a teller at the Keyser Avenue Branch of the BOM located in Natchitoches, Louisiana. She had been employed with the BOM since approximately 2008.

C. BOM's policies required that two employees balance the branch's vault and teller drawers on a daily or periodic basis and to document their findings.

D. Beginning sometime in 2011, and continuing until July 8, 2014, the exact dates being uncertain, in the Western District of Louisiana and elsewhere, the Defendants, **DEIRDRE CHRISTOPHE NELSON** and **VALERIE K. CULPEPPER**, did knowingly and willfully combine, conspire, confederate and agree together to commit an offense against the United States, that is the Defendants knowingly made a false entry in the books, reports and statements of the Bank of Montgomery with an intent to injure and defraud such bank, in violation of Title 18, United States Code, Section 1005.

II. THE OBJECT OF THE CONSPIRACY

The primary object of the conspiracy was for the conspirators to conceal the theft of BOM funds.

III. MANNER AND MEANS OF THE CONSPIRACY

To accomplish this objective, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, employed several manner and means including but not limited to the Defendants falsified and caused to be falsified bank vault and teller balancing documents to force the bank's records to appear balanced.

IV. OVERT ACTS

In furtherance of the conspiracy and to affect the object thereof, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**,

performed or caused to be performed the following overt acts, among others, in the Western District of Louisiana and elsewhere:

A.   On or about March 30, 2012, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

B.   On or about June 30, 2012, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

C.   On or about September 30, 2012, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

D.   On or about December 31, 2012, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

E.   On or about March 31, 2013, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K.**

CULPEPPER's teller drawer or in the bank's vault.

F. On or about June 28, 2013, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

G. On or about September 30, 2013, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

H. On or about December 30, 2013, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **VALERIE K. CULPEPPER**, submitted a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER's** teller drawer or in the bank's vault.

I. The allegations of Counts 5 and 6 are re-alleged and incorporated by reference as though fully set forth herein as separate overt acts.

All in violation of Title 18, United States Code, Section 371. [18 U.S.C. § 371].

### COUNTS 5-6
18 U.S.C. §§ 1005 and 2
(False Statements in Bank Records)

A. The allegations of Counts 1 and 4 are re-alleged and incorporated by reference as though fully set forth herein.

B. On or about the dates set forth below, in the Western District of Louisiana, the Defendants, **DEIRDRE CHRISTOPHE NELSON** and **VALERIE K. CULPEPPER**, with intent to injure and defraud the Bank of Montgomery, a financial institution that was insured by the Federal Deposit Insurance Corporation, knowingly made a false entry in the books, reports, statements of the Bank, in that Defendants **DEIRDRE CHRISTOPHE NELSON** and **VALERIE K. CULPEPPER** represented in Quarterly Audit Reports, Teller Proof sheets, and other bank records, that certain cash balances were accurate, when in fact, as the Defendants well knew the cash balances were inaccurate. Each false entry constitutes a separate count of this indictment as indicated:

| Count | Defendant | Date | False Entry |
| --- | --- | --- | --- |
| 5. | DEIRDRE CHRISTOPHE NELSON | 03/28/2014 | a Quarterly Audit Report stating that there were no discrepancies in **VALERIE K. CULPEPPER**'s teller drawer or in the bank's vault |
| 6. | VALERIE K. CULPEPPER | 07/07/2014 | A Bank of Montgomery Teller Cash Sheet purportedly reflecting accurate cash balances, when in truth over $300,000 in cash was missing |

All in violation of Title 18, United States Code, Sections 1005 and 2. [18 U.S.C. §§ 1005 and 2].

## NOTICE OF FORFEITURE

A. The allegations contained in Counts One through Six of this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A).

B. Upon conviction of the offenses in violation of Title 18, United States Code, Sections 371, 656, 1005, 1344, and 1349 set forth in this Indictment, the Defendants, **DEIRDRE CHRISTOPHE NELSON**, and **JOE LEE COLBERT, JR.**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One through Six of this Indictment, such property including, but not limited to property involved in the offenses described in Counts One through Six of the Indictment or equivalent deposited funds and all interest and proceeds traceable thereto.

C. If any of the property described above, as a result of any act or omission of the Defendant:

1. cannot be located upon the exercise of due diligence;
2. has been transferred or sold to, or deposited with a third party;
3. has been placed beyond the jurisdiction of the court;

4.   has been substantially diminished in value; or

5.   has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Sections 2461(c) and Title 18, United States Code, Section 982(b)(1) to seek forfeiture of substitute property.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A). [18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2)(A).]

A TRUE BILL

*REDACTED*
GRAND JURY FOREPERSON

STEPHANIE A. FINLEY
United States Attorney

CYTHERIA D. JERNIGAN
MA Bar No. 657960
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
(318) 676-3600 – office
(318) 676-3663 - facsimile