RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/10/15 yt

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 1:15-cr-00056-01 |
| | * | |
| VERSUS | * | 18 U.S.C. § 1349 |
| | * | |
| | * | CHIEF JUDGE DEE D. DRELL |
| DEIRDRE CHRISTOPHE NELSON | * | MAGISTRATE JUDGE. KIRK |

**ELEMENTS OF OFFENSE**
18 U.S.C. § 1349
(Conspiracy to Commit Bank Fraud)

Title 18, United States Code, Section 1349, makes it a crime for anyone to knowingly and willfully conspire or agree with someone to do something that, if actually carried out, would result in the crime of bank fraud.[1]

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this conspiracy offense only if all the following are proved beyond a reasonable doubt:

---

[1] See 18 U.S.C. § 1344 (bank fraud) – Fifth Circuit Pattern Jury Instruction 2.61.

*First:* two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank, as charged in the Indictment; and

*Second:* the Defendant knew the unlawful purpose of the plan and willfully joined in it;

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities all of the other alleged conspirators. If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan—and willfully joined in the plan on at least one occasion—that is sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.[2]

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

---

[2] See Eleventh Circuit Pattern Jury Instruction No. 54.

Thus done and signed this \_\_\_10th\_\_\_ day of \_\_September\_\_, 2015.

_____
DEIRDRE CHRISTOPHE NELSON
Defendant

_____
T. TAYLOR TOWNSEND
Attorney for Defendant